(57 Misc. Rep. 403)

### MARTIN v. ROCKLAND LAKE TRAP ROCK CO.

(Supreme Court, Trial Term, Dutchess County.   April, 1907.)

JUDGMENT—RES JUDICATA.
　　An action for damages for breach of a contract to deliver crushed rock of a specified size is concluded by a former judgment for defendant in an action to recover the purchase price of such stone, since to recover plaintiff must show the rock was not the kind contracted for, and the former judgment implies a finding that defendant did comply with the contract.
　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1278.]

Action by James E. Martin against the Rockland Lake Trap Rock Company. Both parties move for a directed verdict. Defendant's motion granted, and plaintiff's denied.

E. E. Perkins, for plaintiff.
Charles Morschauser and Harvey DeBaun, for defendant.

MILLS, J.   This is an action brought by the plaintiff against the defendant to recover damages for an alleged breach by the defendant of a contract, by which the defendant was to sell and deliver to the plaintiff crushed trap rock of a certain size to be used in road making. The answer, among other things, pleads as a defense in bar a former judgment and recovery by the defendant here as plaintiff against the plaintiff here as defendant there, in an action in this court tried in Rockland county to recover the purchase price of said stone according to the contract of sale and delivery between the parties.   Upon the trial here the plaintiff gave evidence proving the contract for the sale and delivery of the stone of the specified size for the specified purchase price, and that upon delivery and receipt of the stone it was found to be substantially oversized, and that this plaintiff thereupon made complaint to the defendant of such oversize and of the fact that by reason thereof the stone was rejected by the authorities of the state, as it was to be used upon a state road, and that the defendant directed the plaintiff to have the oversized stone recrushed and to use it, and made certain statements from which the plaintiff asks a finding that the defendant promised to pay or allow to the plaintiff the cost of such recrushing, although I do not find that such promise of repayment or allowance is expressly alleged in the complaint.   The plaintiff also proved that the cost of such recrushing was $157.   The plaintiff having then rested, the defendant offered in evidence the judgment roll in the former action.   Each party then moved that the court direct a verdict in his or its favor, and both stipulated that the decision of such

motion should be reserved; briefs to be submitted and the motions thereafter determined as of the date when made. Briefs have now been submitted and examined.

The question to be determined, therefore, is whether or not the judgment in the former action is a bar to the plaintiff's recovery in this action. In the determination of this question the certain test is: Did the judgment in that former action determine in favor of the defendant here a fact there material, which in this action must be determined in this plaintiff's favor in order that he may here recover? In the former action it was obviously necessary for the plaintiff there, the defendant here, to allege and prove performance of the contract to deliver stone of the specified quality, and that the purchase price still remained due and unpaid, which latter fact involved the finding that the contract fixing the price remained unmodified. The judgment in the former action, therefore, determined necessarily that the defendant here did perform the contract and did deliver stone of the specified quality, and that the purchase price remained due. In order to recover here, this plaintiff must prove, as he has undertaken to do, that the defendant did not perform the contract, in that the stone delivered was not of the specified quality; i. e., size. Such failure of performance is here claimed by the plaintiff to have been the consideration of the defendant's promise to pay or allow for the expense to plaintiff of recrushing the stone. Without such failure, such promise would have been without consideration. Moreover, such promise as here attempted by plaintiff to be proven was in effect that the purchase price of the stone should be reduced by the cost of recrushing. Therefore the finding involved in the former judgment, that the price had not been reduced and was still due, must be negatived by a judgment in this action in favor of the plaintiff here, which, if such promise be found, must involve a finding that by such promise and plaintiff's action under it such price was reduced by $157, the cost of recrushing. I do not see how it is possible for the plaintiff here to have judgment, except upon one or more findings of fact directly contrary to certain findings of fact which were absolutely necessary to support the former judgment, and which, therefore, are here necessarily to be held as having been found there in this defendant's favor.

The motion of defendant for a direction of a verdict in its favor is therefore granted, and that of the plaintiff denied.